

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

Gerald C. Mann

~~WILL WILSON~~

ATTORNEY GENERAL

Hon. R. L. Milliken
Insurance Expert
Motor Transport Division
Railroad Commission of
 Texas
Austin, Texas

Opinion No. O-179
Re:  Construction of Form 77 - Motor
Truck Public Liability Insurance En-
dorsement relating to coverage of
trucks not described in policy

Dear Mr. Milliken:

     We are pleased herewith to comply with your request un-
der date of January 18 for a construction of Form 77-"Motor Truck
Endorsement-Texas Railroad Commission-Restricted Form" relating
to the liability of the insurer under a public liability insurance
policy containing said endorsement for trucks operated by the in-
sured not specifically described in said policy.

     It is our opinion that all trucks operated by the insur-
ed (whether specifically described in the policy or not, and pro-
visions in the policy proper to the contrary notwithstanding)
would be covered by a public liability policy containing Form 77
endorsement so as to make the insurer liable to third person for
injury to person or property occasioned by the operation of said
trucks while used in carrying property for hire in Texas. We be-
lieve this result is accomplished by the following paragraph of
Form 77:

     "Coverage granted by the policy applies to all
trucks and trailers belonging to or under the direc-
tion of the named insured, whether particularly iden-
tified in the policy or not, while same are being
used in the business of carrying property for hire
or compensation and coming within the terms of the
statutes, above referred to, and it is agreed that,
subject to the policy limits, this policy covers the
liability imposed by law upon the named insured for
injury to or death of persons, other than the named
insured or his employees, and loss or damage to prop-
erty, other than the property of the named insured,
or of his employees, through such operation of such
trucks and trailers within the boundaries of the
State of Texas, even though such trucks or trailers
may not be specifically identified herein, anything
in the policy or endorsements thereto to the contrary
notwithstanding."

Form 77, when attached to and executed by the insured becomes a part of the contract between the insurer and the assured as fully as though written into the policy proper, and supercedes any provisions in the policy proper which conflict therewith by virtue of the following provision of the endorsement:

"Any provision, either in the body of the policy to which this endorsement is attached or in any other endorsement thereon or attached thereto, now or hereafter, in conflict with or contrary to the provisions of this endorsement, shall be deemed to be cancelled hereby."

As stated in the first paragraph of Form 77, the purpose of the endorsement is to effectuate the purposes of Chapter 314, General and Special Laws of the 41st Legislature of Texas, 1929, and amendments thereto; being designated as Article 911b Revised Statutes, and more particularly Section 13 thereof.

It may be noted that Form 77 also provides that the insurer shall be entitled to reimbursement from the insured for "any loss involving any automobile or trailer not described in the policy or endorsements thereto which has been in operation for a period of more than ten (10) days without an endorsement having been requested therefor", but this provision does not limit or diminish the insurer's liability to the injured third party.

The construction of the very paragraph of Form 77, first above quoted, was under consideration in the case of Park et ux. v. American Fidelity & Casualty Co. Inc., 92 Fed.(2d) 746, decided by the Federal Circuit Court of Appeals for the 5th Circuit in 1937. In this case the insurer sought to avoid liability under the policy which contained the provision that it did "not cover any loss arising or resulting from an accident occurring while any of said automobiles were...being driven or operated by any person other than the assured or his paid employee." The plaintiff relied upon the endorsement (Form 77), which was attached to the policy, and the court held that it prevailed over the conflicting provisions above quoted in the policy proper. Judge Sibley in a concurring opinion said:

"The rider expressly extends coverage to all trucks operated 'under the direction and control' of the assured. In the suit against the assured, which was defended by the insurer, the jury in a special verdict expressly found the truck was operated under the direction and control of the assured. On general principles of estoppel by judgment the insurer cannot again contest that issue with the plaintiffs."

We believe this decision is controlling in the construction of Form 77 which we have given herein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Walter R. Koch
Walter R. Koch, Assistant

APPROVED:
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

WRK-MR:wb